1

2

3 IN THE UNITED STATES DISTRICT COURT

4 FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6 DANIEL HAWKINS; D.D.
RESTAURANT GROUP, INC.,

Case No.  21-cv-08670-MMC

7         Plaintiffs,

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT ON SIXTH CAUSE OF
ACTION; VACATING HEARING**

8     v.

9

10 CHIP H. ZOEGALL; CENTRICFM
SOLUTIONS, INC.

11         Defendants.

12

13      Before the Court is plaintiffs Daniel Hawkins ("Hawkins") and DD Restaurant

14 Group, Inc.'s ("DD Restaurant Group") "Motion for Partial Summary Judgment on

15 Complaint's Sixth Cause of Action for Recovery of Payments to Unlicensed Contractor,"

16 filed May 4, 2022, whereby plaintiffs seek summary judgment on their Sixth Cause of

17 Action, a claim under § 7031(b) of the California Business & Professions Code.

18 Defendants Chip H. Zoegall ("Zoegall") and Centricfm Solutions, Inc. ("Centricfm

19 Solutions") have filed opposition, to which plaintiffs have replied.  Having read and

20 considered the papers filed in support of and in opposition to the motion, the Court

21 deems the matter suitable for determination on the parties' respective written submission,

22 VACATES the hearing scheduled for June 17, 2022, and rules as follows:

23      1.  Plaintiffs have offered evidence, undisputed by defendants, that, in January

24 2021, Centric Solutions, doing business as PSI Pacifica Contractors, contracted to

25 perform, and in February 2021 commenced performance of, construction and related

26 services for plaintiffs in California, that Centricfm Solutions did not obtain a California

27 contractor's license until July 2021, and that DD Restaurant Group paid Centricfm

28 Solutions a total of $850,000 as compensation for the above-described work.  (See

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Hawkins Decl. ¶¶ 4-6, 8-9, Exs. 1, 4, 6.)  Accordingly, plaintiffs have shown DD

2   Restaurant Group is entitled to summary judgment on the Sixth Cause of Action as

3   asserted against Centricfm Solutions.  See Cal. Bus. & Prof. Code § 7031(b) (providing

4   "a person who utilizes the services of an unlicensed contractor may bring an action . . . to

5   recover all compensation paid to the unlicensed contractor for performance of any act or

6   contract"); Goldstein v. Barak Constr., 164 Cal. App. 4th 845, 855 (2008) (holding where

7   defendant is not licensed at time work commences, defendant is "not entitled to any

8   recovery for work performed even if [defendant] obtain[s] its license during construction");

9   Karton v. Ari Design & Contr., Inc., 61 Cal. App. 4th 734, 740 (2021) (holding "[c]ourts

10   may not resort to equitable considerations when applying [§ 7031(b)]").

11       2.  Plaintiffs have not offered evidence that Hawkins made any payment to

12   Centricfm Solutions, and, accordingly, as to the Sixth Cause of Action, have not shown

13   said plaintiff is entitled to summary judgment against said defendant.

14       3.  Plaintiffs have not offered evidence that either plaintiff made a payment to

15   Zoegall.  Rather, plaintiffs contend Zoegall was "a party to the [c]ontract in his individual

16   capacity" and that any ruling by which he is not held responsible "would allow an

17   unlicensed contractor to circumvent California's [c]ontractor's [s]tate [l]icensing [l]aw by

18   directing its customer to make the payment to [a] third party."  (See Pls.' Mot. at 10:1-6.)

19   A triable issue of fact exists, however, as to whether Zoegall signed the contract in his

20   individual capacity or as a representative of Centricfm Solutions.  (See Hawkins Decl. Ex.

21   1 at 1 (designating contracting parties as "Owner: David Hawkins" and "Contractor: PSI

22   Pacifica Contractors"); id. Ex. 1 at 12 (reflecting Zoegall's signature over "CONTRACTOR

23   (Signature)" line); Zoegall Decl. ¶ 2 (averring "all at relevant times I was acting as

24   president of Centricfm Solutions")); cf. F.D.I.C. v. Woodside Constr., Inc., 979 F.2d 172,

25   175 (9th Cir. 1992) (holding, for purposes of transactions governed by UCC, parol

26   evidence is admissible to determine whether signatory signed in individual or

27   representative capacity).  Accordingly, neither plaintiff is entitled to summary judgment on

28   the Sixth Cause of Action as asserted against Zoegall.

2

1

**CONCLUSION**

2    For the reasons stated above, plaintiffs' motion is hereby GRANTED in part and

3 DENIED in part, as follows:

4    1.  To the extent plaintiffs seek summary judgment on the Sixth Cause of Action in

5 favor of DD Restaurant Group and against Centricfm Solutions in the amount of

6 $850,000, the motion is GRANTED.

7    2.  In all other respects, the motion is DENIED.

8    **IT IS SO ORDERED.**

9

10 Dated: June 15, 2022

11                                                    MAXINE M. CHESNEY
                                                      United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California