IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HAWKINS, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CHIP H. ZOEGALL and CENTRICFM SOLUTIONS, INC.,<br><br>  Defendants. | Case No. 21-cv-08670-MMC<br><br>**ORDER DENYING DEFENDANT CHIP H. ZOEGALL'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is defendant Chip H. Zoegall's ("Zoegall") Motion for Partial Summary Judgment, filed August 24, 2022. Plaintiffs Daniel Hawkins ("Hawkins") and DD Restaurant Group, Inc. ("DD Restaurant Group") have filed opposition, to which Zoegall has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

In the instant action, plaintiffs allege that Hawkins entered into a contract with both defendants, under which contract defendants were to renovate plaintiffs' business, and that defendants, who were not licensed to perform construction work in California, failed to perform satisfactorily under the contract. By the instant motion, Zoegall seeks summary judgment on each of the eight Causes of Action asserted against him.[2]

As to the First, Second, Third, Fourth, Sixth, and Seventh Causes of Action, titled, respectively, "Breach of Written Contract," "Breach of Implied Warranties," "Breach of

---

[1] By order filed October 11, 2022, the Court took the matter under submission.

[2] Defendant Centricfm Solutions, Inc. ("Centricfm") has not joined in the motion or otherwise moved for summary judgment.

Express Warranty," "Negligence," "Recovery of Payments to Unlicensed Contractor," and "Money Had and Received," Zoegall asserts he is not a party to the above-referenced contract and, consequently, is entitled to judgment on all claims based thereon. As plaintiffs point out, however, the Court, by order filed June 15, 2022 ("June 15 Order"), found, on the record presented in conjunction with plaintiffs' motion for summary judgment, a triable issue of fact exists as to whether Zoegall signed the contract in his personal or representative capacity. In seeking summary judgment on that issue, Zoegall offers the declaration he submitted when he opposed plaintiffs' motion for summary judgment, which showing, the Court now finds, is insufficient to alter the Court's prior ruling. In particular, the ambiguity previously identified by the Court remains, given the contract, on its first page, identifies the "Contractor" as PSI Pacifica Contractors, i.e., the dba of Centricfm, and, on the signature page, identifies the "Contractor" as Zoegall. (See June 15 Order at 2:19-23.)[3]

As to the Fifth Cause of Action, titled "Concealment," by which plaintiffs allege Zoegall did not disclose that he and Centricfm were "not licensed by the California Contractors State License Board" and that, had plaintiffs known such fact, they would not have entered into the contract (see Compl. ¶¶ 52-53, 56), Zoegall argues he is entitled to judgment on two grounds. First, Zoegall argues that, if plaintiffs had checked a website operated by the California State Contractors' License Board, they would have learned neither defendant was licensed in California. As plaintiffs point out, however, under California law, "the fact that the victim had constructive notice of the truth from public records is no defense to fraud." See Bishop Creek Lodge v. Scira, 46 Cal. App. 4th

---

[3] Although Zoegall states that, "at all relevant times, [he] was acting as president of Centricfm" rather than on his own behalf (see Zoegall Decl. ¶ 2), the only evidence he proffers in support of such assertion consists of records of payments made by DD Restaurant Group to Centricfm rather than to him (see id. ¶ 3, Exs. C, E, H). To the extent such practice might give rise to an inference that the contracting parties' intended to limit their agreement to Hawkins and Centricfm, however, any such inference is countered by Hawkins' declaration that "Zoegall directed [Hawkins] to make payments under the [c]ontract to Centricfm." (See Hawkins Decl. ¶ 9.)

1721, 1734 (1996) (noting existence of public record "may be relevant to whether the victim's reliance was justifiable" but "is not, by itself, conclusive").  Second, Zoegall argues, "he said nothing about the state of his license in California." (See Def.'s Mot. at 5:14-16.)  Zoegall, however, is not alleged to have made a false statement, but, rather, to have failed to disclose a material fact.  To the extent Zoegall may be arguing that, as a matter of law, he had no duty to disclose a lack of licensure, the Court disagrees, as a "duty to disclose" material facts known to the defendant and unknown to the plaintiff may arise from the "parties entering into any kind of contractual agreement." See LiMandri v. Judkins, 52 Cal. App. 4th 326, 337 (1997).

Lastly, as to the Eighth Cause of Action, titled "Violation of California Business and Professions Code § 17200," Zoegall argues he is entitled to judgment in his favor on the asserted ground that "the remedy sought ('reimbursement of all monies acquired') ha[s] already been awarded to [plaintiffs] under the sixth cause of action" (see Def.'s Mot. at 5:22-24), assumedly a reference to the Court's finding, in its June 15 Order, that DD Restaurant Group is entitled to summary judgment on its claim to recover from Centricfm the compensation it paid to that defendant.  Zoegall, however, cites to no authority barring plaintiffs from seeking to recover such amount jointly and severally from both defendants.

Accordingly, Zoegall's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: October 20, 2022

MAXINE M. CHESNEY
United States District Judge